**JONATHAN A. STIEGLITZ**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email: jonathan.a.stieglitz@gmail.com**

**Yitzchak Zelman, Esq.,**
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, NJ 07712**
**Tel:     (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorneys for Plaintiff**
*Pro Hac Vice Motion To Be Filed*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **HEATHER GIMBLE,** individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-against-<br><br>**MIDLAND CREDIT MANAGEMENT, INC.,**<br><br>Defendant | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff HEATHER GIMBLE (hereinafter, "Plaintiff"), a California resident, brings this class action complaint by and through the undersigned attorneys, against Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant" or "MCM"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. (hereinafter "RFDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. One of the purposes of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 is to similarly prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of California consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), which prohibits debt collectors from engaging in false,

deceptive or misleading practices.

8. Defendant's actions violated California Civil Code § 1788 et seq. of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

9. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

10. Plaintiff is a natural person and a resident of the state of California and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Defendant MCM is a collection agency located at 2365 Northside Drive, Suite 300, San Diego, California 92108.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to January 23, 2019, an obligation was allegedly incurred to MIDLAND FUNDING, LLC.

16. The MIDLAND FUNDING, LLC obligation arose out of a transaction for medical services, a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal,

family or household purposes.

17. The alleged MIDLAND FUNDING, LLC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. MIDLAND FUNDING, LLC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the MIDLAND FUNDING, LLC debt is past due.

20. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

21. MIDLAND FUNDING, LLC directly or through an intermediary contracted the Defendant to collect the alleged debt.

22. On or about January 23, 2019, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged MIDLAND FUNDING, LLC debt. *See* **Exhibit A.**

23. The January 23, 2019 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The January 23, 2019 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The Plaintiff received and read the Letter sometime after January 23, 2019.

26. The Letter stated in part:

**Current Balance: $609.09**

27. The Letter further stated:

"We can't change the past, but we can help with your future."

28. Said statement is false, deceptive and misleading as it could lead to multiple interpretations, some of which are incorrect, and it implies false promises of financial benefit to consumer if payment is made.

29. There are two possible interpretations of this statement: (1) reporting payment to the credit reporting agencies will improve the Plaintiff's credit score or credit worthiness; or (2) reporting payment to the original creditor will help the debtor in future financial decisions.

30. The first interpretation being false, as paying off delinquent debts does not improve a consumer's credit score, and in many cases might actually harm it.

31. "It is not 'bizarre or idiosyncratic' for the least sophisticated debtor to read the language [Plaintiff] identifies to mean that payment would not hurt a debtor's credit score and might even actually improve it." See *Knight v. Midland Credit Management*, Case No. 17-3786 (3rd Circuit Nov. 8, 2018). "Moreover, a debtor who falsely believes that making payment on her debt would not hurt her credit score and might improve it could be induced to make the payment. Therefore, this language could be found to be material." *Id*.

32. The January 23, 2019 letter further stated in part: "Call…or visit us online…to accept one of these discounts."

33. The letter further offers "one of these discounts" as follows:

**KNOW YOUR OPTIONS**

**Option 1**

**40% OFF**
Payment Due Date: 02-22-2019

**Option 2**

**20% OFF**
Over 6 Months

**Option 3**

Monthly Payments As Low As:
$50 per month

34. Upon reading the above statements, the Plaintiff was left to believe, as would any least sophisticated consumer, that had she accepted option 1, 2, or 3, that she would be receiving a discount.

35. Upon information and belief, accepting option 3 would not in fact be an offer of a "discount".

36. As such, Defendant's statement was false, deceptive, and or misleading.

37. The FDCPA expressly prohibits debt collectors from making any false, deceptive, or misleading representations in connection with the collection of a debt. See 15 U.S.C. §1692e.

38. Defendant's conduct harmed the Plaintiff.

## CLASS ALLEGATIONS

39. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class")

CLASS A: consisting of: a) All consumers who have an address in the state of California b) who were sent a collection letter from the

Defendant c) attempting to collect a consumer debt owed to Midland Funding, LLC d) which states "we can't change the past, but we can help with your future"" e) on a debt in which the law did not prohibit the reporting of payments or non-payments to a credit bureau f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

CLASS B: consisting of: a) All consumers who have an address in the state of California b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to Midland Funding, LLC d) which offers consumer a "discount" e) when no such discount existed f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

40. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

41. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and

class actions. Neither the Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

47. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

# FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not

limited to 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. The Defendant violated said section in its letter to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;
   b. Falsely representing the character and legal status of the alleged debt in violation of 1692e(2);
   c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violations Of The Rosenthal Fair Debt Collection Practices Act)**

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

55. As set forth above, Defendant violated 15 U.S.C. § 1692e(2) and 15 U.S.C.

§ 1692e(10) by misrepresenting the amount of Plaintiff's debt and using a deceptive and misleading means and misrepresentations to collect a debt.

56. As such, Defendant violated the foregoing provisions of the FDCPA and RFDCPA.

57. As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 4, 2019

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

**PRO HAC VICE MOTION TO BE FILED**
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Office:     (732) 695-3282
Fax:        (732) 298-6256
Email:      yzelman@MarcusZelman.com
Website:    www.MarcusZelman.com
*Attorneys for the Plaintiff*